52 F.3d 333
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lee W. HORNE, Jr., Plaintiff-Appellant,
v.
U.S. POSTAL SERVICE; American Postal Workers Union; Merit
System Protection Board, Defendants-Appellees.
 No. 94-55512.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 10, 1995.
 
 Before: BROWNING, SNEED and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lee W. Horne, Jr. appeals pro se the district court's dismissal of his complaint against the United States Postal Service, the American Postal Workers Union, and the Merit System Protection Board, alleging that he was wrongfully discharged.
 
 
 3
 We review de novo the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6). Oscar v. University Student Co-op Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). In reviewing decisions of the district court, we may affirm on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).
 
 
 4
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 5
 * Merits
 
 
 6
 Horne contends that the district court erred by concluding that: (1) Horne's 459 page complaint failed to comply with Fed.R.Civ.P. 8(a)(2) which requires "a short and plain statement of the claim," and (2) the action was barred by res judicata. This contention lacks merit.
 
 
 7
 The doctrine of res judicata encompasses the doctrines of issue preclusion and claim preclusion. Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir.1988). Claim preclusion prevents subsequent litigation by the same parties of all claims or defenses that were, or could have been, raised in a previous action which led to a final judgment on the merits. See id.
 
 
 8
 Here, Horne filed a 459 page "Complaint for Misconduct" against the three defendants alleging that he was wrongfully discharged from the Post Office for sexual harassment, and that his rights were violated at his discharge hearing because he was not given the opportunity to face his accusers.
 
 
 9
 Horne previously filed a "Complaint for Misconduct" in Federal District Court on August 3, 1992, against the same three defendants, based on the same incidents, raising the same claims. See Horne v. United States Postal Service, No. CV-92-4630-R (C.D.Cal. Dec. 29, 1992), appeal dismissed, No. 93-56322 unpublished memorandum disposition (9th Cir. Oct. 25, 1993). The district court dismissed that action with prejudice for failure to prosecute.[1] See id.
 
 
 10
 Dismissal for failure to prosecute is a decision on the merits for res judicata purposes. See Fed.R.Civ.P. 41(b). Accordingly, the district court's decision in No. CV-92-4630-R operates as a final decision on the merits. See id. Therefore, because Horne's present action involves the same parties and is based on the same claims as his prior action, he is barred under the doctrine of res judicata from relitigating those claims.[2] See Robi, 838 F.2d at 322.
 
 II
 Sanctions
 
 11
 The Union requests attorney's fees and costs for a frivolous appeal pursuant to Fed.R.App.P. 38.[3] "An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." Smith v. Ricks, 31 F.3d 1478, 1489 (9th Cir.1994), petition for cert. filed, 63 U.S.L.W.--(U.S. Jan. 3, 1995) (No. 94-1187).
 
 
 12
 The union urges this court to impose sanctions on Horne because: (1) in addition to the two cases filed in federal district court, Horne filed a third action, based on the same incidents, in the United States Court of Appeals, Federal Circuit, Horne v. United States Postal Service, No. 88-3164 (August 10, 1988), in which he was sanctioned for filing a frivolous appeal, and (2) Horne has vowed to file another suit if this appeal is unsuccessful. Because the result of this appeal is obvious and the arguments of error are wholly without merit, we award double costs pursuant to Fed.R.Civ.P. 38, however, in our discretion, we decline the union's request for attorney's fees. See Smith, 31 F.3d at 1489. Finally, we admonish Horne that future frivolous filings will subject him to further monetary sanctions.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Horne's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Horne also argues that proof of service was timely, apparently in response the dismissal of his 1992 action. For Horne to appeal the district court's December 29, 1992 order, he would have had to file a notice of appeal within 60 days. See Fed.R.App.P. 4(a)(1). An order of this court, filed October 25, 1993, shows that Horne's appeal of the December 29, 1992 order was dismissed for lack of jurisdiction because the notice of appeal was filed over seven months after entry of the district court's order. See Horne v. United States Postal Service, No. 93-56322 (9th Cir. Oct. 25, 1993)
 
 
 [2]
 In his appeal, Horne admits that this action raises the same claims as the action brought in 1992, stating that "I did not like [the result of the 1992 claim] at all so I filed it back in the District Court with a new case number."
 
 
 [3]
 An order notifying Horne of the defendant's request for sanctions and giving him an opportunity to respond was filed on March 16, 1995 in accordance with Fed.R.App.P. 38